UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TOMMY LAMPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-282 PS |
| | ) | |
| DR. MICHAEL MITCHEFF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Tommy Lampley, a *pro se* prisoner, filed a complaint alleging that on October 24, 2005, at Indiana State Prison ("ISP"), another prisoner attacked him with a knife [Pro Se Complaint, DE 1]. Lampley sustained life-threatening injuries because his right inner thigh was cut to the bone - severing the femoral artery. [Exhibits, DE 8-2 at 6- 7]. He also suffered cuts to both calves and both wrists. An ambulance took Lampley to an outside hospital, St. Anthony's, for treatment. Two days later, on October 26, 2005, a doctor at St. Anthony's issued follow-up instructions for Lampley to see a prison doctor in one week, his sutures to be removed by November 3, 2005, and thereafter that he receive occupational and physical therapy. [DE 1-2 at 15].

According to Lampley, on October 27, 2005, Dr. Mitcheff, a prison doctor, recommended his transfer from ISP to Wabash Correctional Facility ("Wabash") to obtain physical therapy. [DE 1 at 3, 7]. ISP does not have the capacity to provide physical therapy. [DE 1 at 6, 10, 12]. At Wabash, Lampley alleges he did not receive the physical therapy he needed. He charges that:

> Because of the defendant (Dr. Mitcheff) sending the plaintiff to an
> inadequate physical therapy facility that doesn't provide that kind of treatment for

> a serious medical need, and that facility did not have a physical therapist, and the plaintiff not having access to exercise equipment, and not being seen by a outside orthopedic specialist, and nerve specialist so they could do a proper nerve, muscle, and tendon damage conduction[sic] diagnostic test to the right leg to determine if there has been a nerve blockage that made numbness, and pain increase, and that left permanent damage, the plaintiff now has spasms, and a permanent limp, and permanent loss of full range of motion of wrist and right leg, and he has constant pain and suffering.

[DE 1 at 3- 4].

After several months at Wabash, on January 11, 2006, Lampley returned to ISP in a wheelchair. Despite his subsequent grievances notifying them about the unavailability of physical therapy treatment at Wabash, Lampley states Dr. Mitcheff and Karla Amos continued to send him there. [DE 1 at 2-12]. He contends the defendants denied him physical therapy for 8 months. [DE 1 at 5, 9, 12]. Lampley relates that the severe pain from his injuries affects his daily activities, at times rendering him unable to exercise, sleep comfortably, walk, or write. [DE 1 at 11]. Additionally, Lampley asserts ISP's medical staff displayed a "hostile and insensitive demeanor" toward him when he complained about not receiving physical therapy. Lampley also accuses the defendants of discrimination. [DE 1 at 13].

Lampley names Dr. Mitcheff as a defendant.[1] In addition, Lampley names as defendants, Karla Foster, Director of Health Services at ISP, and Dr. Elton Amos, who apparently works at the Indiana Department of Corrections' central office in Indianapolis. Lampley sues all of these

---

[1]Lampley filed another lawsuit relating to this incident. The cause number is 3:05-cv-808. That case is currently pending before the Honorable Robert L. Miller. At screening of the amended complaint adding him as a defendant, Dr. Mitcheff was dismissed from that case. It is unclear whether the claims Lampley asserted there are the same as the ones he raises here. I state no opinion in this order whether the current action against Dr. Mitcheff or the other defendants is barred by the doctrines of res judicata, collateral estoppel, or any other defense. To the extent such defenses exist, they are better raised by counsel through the filing of appropriate motions.

defendants in their official and individual capacities. [DE 1 at 22]. Lampley also names as a defendant the Indiana Prison Medical Services, which is known as Correctional Medical Services ("CMS").

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The pleading standards were retooled last year by the Supreme Court. In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombley*, 127 S.Ct. 1955, 1964-65 (2007). Instead, the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. at 1965.

Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S. Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of pro se litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. at 2200. In an effort to reconcile *Twombley* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not

3

provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007).

The Eighth Amendment requires the government to provide adequate medical care to prisoners. *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir.1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). The standard is a high one. Conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner. That is, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Mere incompetence or medical malpractice does not create liability under § 1983. *Walker v. Peters,* 233 F.3d 494, 499 (7th Cir. 2000).

A medical need is "serious" for Eighth Amendment purposes if it is either one a physician has diagnosed as mandating treatment, or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d at 1373. Lampley alleges a private doctor ordered follow-up physical therapy after he suffered severe injuries from a knife attack. Since the assault, Lampley has experienced increasing numbness and pain in his right leg and left wrist which affects his daily activities. These allegations demonstrate that Lampley has a serious medical need.

4

On the issue of deliberate indifference, Lampley asserts the defendants continued to send him to Wabash although they knew he could not get physical therapy in that facility; Lampley claims that he "never received any physical therapy treatment the entire time." [DE 1 at 7]. After spending several months there, Lampley went back to ISP in a wheelchair. He affirmatively alleges that since the attack, his condition has worsened; he experiences more pain, numbness, and related problems than when he was first injured. Lampley claims that, although the defendants knew about his deteriorating condition and that he risked permanent disability without physical therapy, Dr. Mitcheff and Karla Foster twice returned him to Wabash. In addition, he also claims the defendants have not allowed him to be examined by orthopedic and neurological specialists to determine the cause of the increased impairment. *See Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (explaining that deliberate indifference may be inferred where doctor did not change treatment despite knowledge prisoner's condition had worsened and treatment was ineffective). Liberally construing the allegations in the complaint, Lampley states a claim that defendants Mitcheff and Foster were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

As for defendant Amos, Lampley complains that Dr. Amos denied his grievance about the conditions at Wabash. [DE 1 at 13]. That a prison official ignores or denies a prisoner's grievance does not violate the prisoner's federally protected rights. *Wilson v. VanAtta*, 291 F. Supp. 2d 811, 819 (N.D. Ind. 2003). "Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007)(citations omitted). Since all that Lampley complains of as it relates to Dr. Amos

5

is that Amos denied his grievance, he has failed to state a claim against him.

As it relates to CMS, Lampley does not allege and it would not be reasonable to infer that CMS actually knew about and was involved in the decision to send him to Wabash. Personal involvement is an element of every claim under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains. *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996). So Lampley's complaint as it relates to CMS must be dismissed.

Lampley also complains the named defendants, as well as unidentified medical staff at ISP, "displayed a hostile and insensitive demeanor" toward him when he complained about not getting physical therapy. [DE 1 at 13]. This may well be evidence of deliberate indifference but it is not a separate cause of action. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). Similarly, Lampley's assertion the defendants discriminated against him, without more, does not rise above the level of speculation and is insufficient to state a claim.

Therefore, the Court:

(1) **GRANTS** Tommy Lampley leave to proceed against Dr. Mitcheff and Karla Foster in their individual capacities on his claim they denied him prescribed physical therapy in violation of his Eighth Amendment rights;

(2) **GRANTS** Tommy Lampley leave to proceed against Dr. Mitcheff and Karla Foster in their individual capacities on his claim they denied him medical consultation with

orthopedic and nerve specialists in violation of his Eighth Amendment rights;

(3) **DISMISSES** Dr. Elton Amos, unidentified medical staff at ISP, and Correctional Medical Services;

(4) **DISMISSES** all other claims;

(5) **DIRECTS** the United States Marshals Service to effect service of process on Dr. Mitcheff and Karla Foster;

(6) **GRANTS**, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Mitcheff and Karla Foster leave to file an amended answer, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L. R. 10.1, to the claims for which Tommy Lampley has been granted leave to proceed in this screening order.

**SO ORDERED**.

**ENTERED**: October 16, 2008.

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT