UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TOMMY LAMPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV- 282 PS |
| | ) | |
| DR. MICHAEL MITCHEFF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

After Tommy Lampley, a *pro se* prisoner, sustained serious injuries from a knife attack at Indiana State Prison ("ISP"), he filed a complaint alleging he did not receive follow-up physical therapy. Lampley alleges the defendants showed deliberate indifference to his serious medical needs by sending him to Wabash Correctional Facility ("Wabash") knowing he could not get the prescribed therapy there and by refusing to refer him to a specialist after he complained of increasing numbness and pain. The Court granted Lampley leave to proceed on his claims that the defendants denied him prescribed physical therapy and consultation with orthopedic and nerve specialists. The defendants move to dismiss Lampley's complaint as untimely. [Motion to Dismiss, DE 22]. They contend the statute of limitations bars his claims "[b]ecause all of the alleged acts of deliberate indifference occurred by January 11, 2006, **at the latest**." [Defendants' Reply, DE 30 at ¶ 7, emphasis in original].

Because there is no federal statute of limitations for § 1983 actions, courts apply the most appropriate state statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 278-80 (1985). Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. *See id.*; *see also Campbell v. Chappelow*, 95 F.3d 576,

580 (7th Cir. 1996). The applicable statute of limitations for personal injury suits in Indiana is two years. *See* IND. CODE § 34-11-2-4.

The defendants argue Lampley's cause of action accrued October 27, 2005, when he was sent to Wabash facility for physical therapy so that his deadline to file the complaint ended October 27, 2007. At the latest, they maintain the limitations period started January 11, 2006, when Lampley filed the initial grievance, as this shows his awareness of the potential claim. In that case, defendants maintain, the filing deadline expired January 11, 2008. [DE 22 at ¶ 9].

In contrast, Lampley characterizes the denial of physical therapy and referral to a specialist as a "continued deprivation." [DE 1 at 14]. He maintains that he has been denied physical therapy or referral to medical specialists even to this day. So in essence, Lampley claims the defendants engaged in a continual violation of his constitutional rights. In his response to the defendants' motion to dismiss, Lampley elaborates on his continuing violation claim. While Lampley asserts the defendants failed to give him physical therapy for eight months, he further declares "he still hasn't received physical therapy, or an outside nerve specialist." [DE 28 at 1-2]. Also, he expressly states:

> The defendants are not being sued for the injuries that he sustained during an assault on him October 24, 2005. It's what the defendants failed to do after that incident on October 24, 2005, that caused the plaintiff unnecessary pain and suffering and permanent loss of feeling in the right leg[.]"

[DE 28 at 3].

While state law governs the limitations period in which a § 1983 cause of action must be brought, federal law governs when that cause of action accrues. *Wallace v Kato*, 127 S. Ct. 1091, 1095 (2007). The Supreme Court recognized "the standard rule that accrual occurs when the plaintiff has 'a complete and present cause of action'. . . that is 'when the plaintiff can file suit

and obtain relief.'" *Id.* But the continuing violation doctrine allows the plaintiff "to reach back to its beginning even if that beginning lies outside the statutory limitation period." *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir.2001). This is because "it would be unreasonable to require or even permit [the plaintiff] to sue separately over every incident of the defendant's unlawful conduct." *Id.* Deliberate indifference to a serious medical need is a continuing violation that accrues when the defendant has notice of the untreated condition and ends only when treatment is provided or the inmate is released. *Id.* at 317-20. So in a case like this one where the violation is alleged to be ongoing, the statute of limitations commences anew every day treatment is denied. *Id.*

The defendants' motion to dismiss narrowly focuses upon Lampley's assertion that the defendants denied him physical therapy for eight months by sending him to Wabash. That limited perspective ignores Lampley's simultaneous claims that, after his return to ISP, the defendants continued to deny the prescribed physical therapy and also continued to refuse to refer him to outside specialists. Rather than being the end of the defendants' denial of treatment, Lampley suggests that sending him to Wabash was just the beginning. Viewing the facts alleged in the complaint in the light most favorable to Lampley, the defendants' denials of treatment did not end when they sent him to Wabash. Instead, it persists to this day. Consequently, at this stage of the proceedings, the Court cannot determine that the complaint is time-barred.

Therefore, the Court **DENIES** the defendants' motion [DE 22] to dismiss.

**SO ORDERED**.

**ENTERED**: December 9, 2008.

                                              s/ Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT