**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| TOMMY LAMPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV- 282 PS |
| | ) | |
| DR. MICHAEL MITCHEFF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Tommy Lampley, a *pro se* prisoner, filed a motion asking the Court to appoint counsel to represent him. However,

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt v. Mote*, 5003 F. 3D 647, 654 (7th Cir. 2007)(*en banc*).

To show he has tried to obtain counsel, Lampley attached twelve letters he received from attorneys he claims to have contacted about representing him in this case. However, because all of the letters predate this Court's screening order, it would have been difficult for an attorney to determine whether Lampley even stated a claim. Consequently, Lampley's effort to secure counsel on his own, as this record shows, was not a reasonable attempt. "If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any § 1915(d) motions outright." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992).

Therefore, the Court:

(1) **DENIES** the motion for appointment of counsel [Doc. No. 40]; and

(2) **DIRECTS** the Clerk to send Tommy Lampley twelve (12) copies of this Court's screening order [Doc. No. 23] so that he can make a reasonable attempt to obtain counsel on his own.

SO ORDERED.

Dated this 9th Day of January, 2009.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge