UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TOMMY LAMPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-282 PS |
| | ) | |
| DR. MICHAEL MITCHEFF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This case commenced on June 11, 2008, when Tommy Lampley, a *pro se* prisoner, sued prison medical personnel for denying him specific medical treatment in violation of his Eighth Amendment rights. (DE 1.) In my initial screening order, I permitted Lampley to proceed on his claims against Defendants Dr. Michael Mitcheff and Karla Foster. (DE 23.) On December 3, 2008, Lampley filed a motion for leave to amend his complaint; but since he did not attach a proposed amended complaint with his motion, the motion was denied. (DE 35-36.) Lampley then filed a second motion for leave to amend on February 2, 2009. (DE 51.) This time, he included an amended pleading, proposing to add several defendants, but neglecting to include his original claims against Mitcheff and Foster. (DE 51.) Believing Lampley did not intend to abandon his claims against Mitcheff and Foster, I granted him an opportunity to resubmit his proposed amended complaint. (DE 68.) Lampley has filed his revised amended complaint for consideration of his motion for leave to amend. (DE 70.) For the reasons that follow, Lampley's Motion for Leave to Amend [DE 51] is granted, subject to the limitations provided below.

Federal Rule of Civil Procedure 15(a) provides that if a party is not entitled to amend a pleading as a matter of course, he may do so only with the opposing party's written consent or leave of court. The rule reflects a liberal attitude toward amending pleadings and instructs the

district court to "freely give leave when justice so requires." FED. R. CIV. P. 15(a); *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). In this case, permitting Lampley to amend his pleading at this stage would not unduly prejudice Defendants because discovery has not concluded and Lampley filed his motion for leave to amend within the approximate time frame suggested by Defendants for amendments of pleadings. (DE 47, Defs.' Status Rep.)

But before I permit Lampley to proceed on his amended complaint, that pleading must be subjected to a screening review pursuant to 28 U.S.C. § 1915A. Section 1915A directs the Court to review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when addressing a motion under Rule 12(b)(6). *Langerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Thus, I must accept the facts alleged in the Amended Complaint as true and draw all reasonable inferences in Lampley's favor. *Tamayo v. Blagojevich*, 526 F.2d 1074, 1081 (7th Cir. 2008).

The pleading standards were retooled by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 554-55 (quotation marks and brackets omitted). Instead the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 555. Two weeks later, the Supreme Court readdressed the issue of pleading standards in *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), but this time in the context of *pro se* litigation. The Court stated that "[s]pecific facts are not necessary" to meet the

requirements of Rule 8(a). *Id.* at 2200. The Court further noted that a "document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. (quotation marks and citations omitted). In an effort to reconcile *Bell Atlantic* and *Erickson*, the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

According to the Amended Complaint, Lampley was stabbed multiple times by another inmate at Indiana State Prison ("ISP") on October 24, 2005. (Am. Compl., DE 70 at 3.) Two days later, on October 26, 2005, Lampley was seen by a doctor at St. Anthony's Hospital, Dr. Rade Pejic, who issued follow-up instructions for Lampley to receive physical therapy. (*Id.*) On October 27, 2005, Dr. Mitcheff (an ISP prison doctor) and Karla Foster (ISP's health services administrator), arranged to transfer Lampley to Wabash Correctional Facility to obtain physical therapy even though Mitcheff and Foster knew Wabash did not have physical therapy facilities. (*Id.* at 13-15.) The medical staff at Wabash also ignored Dr. Pejic's orders for physical therapy. (*Id.* at 3-4.) After several months at Wabash, Lampley was transferred back to ISP. (*Id.* at 16-17.) On February 11, 2006, after Lampley filed a grievance, Mitcheff and Foster sent Lampley back to Wabash for physical therapy, knowing (once again) that Lampley would not get any treatment. (*Id.*) They sent him a third time to Wabash on April 14, 2006. (*Id.* at 19.) Meanwhile, Lampley's condition progressively worsened and the severe pain and numbness from his injuries affects his daily activities, at times rendering him unable to exercise, sleep comfortably, shower, walk, or write. (*Id.* at 7, 20.) Lampley asserts Defendants have known about his worsening condition, yet

3

have denied him access to outside nerve and orthopedic specialists. (*Id.* at 7, 14.) Thus, he claims Defendants have been deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

In addition to Mitcheff and Foster, Lampley names as defendants several prison personnel at Wabash including: Alan Finnan (Wabash Superintendent); Dick Brown (Wabash Assistant Superintendent); Dr. Anwar Jaffri (a Wabash prison doctor); and Dr. Noe Marandet (a Wabash prison doctor). Lampley is also suing J. David Donahue, the Commissioner of the Indiana Department of Corrections, as well as the Supervisor for Correctional Medical Services ("CMS"), the private medical services company that contracts with the Indiana Department of Corrections to provide onsite medical services at the prisons.

The Eighth Amendment requires the government to provide medical care to prisoners. *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir.1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). A prisoner claiming deficient medical care must establish: (1) an objectively serious medical condition, and (2) an official's deliberate indifferent to that condition. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007). The standard is a high one. Conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner. That is, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Mere incompetence or medical malpractice does not create liability. *Walker v. Peters,* 233 F.3d 494, 499 (7th Cir. 2000).

A medical need is "serious" for Eighth Amendment purposes if it is either one a physician has diagnosed as mandating treatment, or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant

injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Lampley alleges a private doctor ordered follow-up physical therapy after he suffered severe injuries from a knife attack. Since the assault, Lampley has experienced increasing numbness and pain in his right leg and left wrist which affects his daily activities. These allegations demonstrate that Lampley has a serious medical need.

On the issue of deliberate indifference, Lampley alleges the Defendants continued to send him to Wabash although they knew he could not get physical therapy in that facility. Thus, Lampley claims that he never received physical therapy treatment, either at ISP or at Wabash. As a result of this deprivation, Lampley asserts that his condition has worsened and that he experiences severe numbness and pain that interferes with his daily activities. According to Lampley, the doctors at ISP and Wabash knew about his deteriorating condition and continued to deprive him the prescribed physical therapy, thereby risking permanent disability. He further claims that, as the severity of his injuries have increased, the doctors have denied him access to orthopedic and neurological specialists. Although mere medical malpractice does not amount to deliberate indifference, a valid claim exists where the treatment received "was so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate [the prisoner's] condition." *See Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005). Construing Lampley's allegations liberally, as I must at this stage, Lampley states a claim that the health care professionals at ISP and Wabash – namely, Mitcheff, Foster, Jaffri, and Marandet – were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

Lampley's claims against the Wabash Superintendent Finnan and Assistant Superintendent Brown are on shakier ground. Lampley repeatedly alleges that Finnan and Brown were notified of

5

his condition and did nothing about it, and that they denied him access to outside medical care. (DE 70 at 38-39.) It is hard to believe that non-medical prison administrators had anything to do with the medical decisions of prison doctors who were treating him. Indeed, "[h]olding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain [the] division of labor [in prisons]." *See Greeno*, 414 F.3d at 656. But, as administrators of the Wabash facility having some level of control over the movement of inmates in their custody, it is plausible that Finnan and Brown played a direct part in denying Lampley access to outside medical treatment. Therefore, at this preliminary stage, Lampley may proceed in his claims against Finnan and Brown.

But even giving Lampley the benefits of any reasonable inferences he is entitled to at this stage, his claims against Donahue and the Supervisor of CMS are too deficient. Lampley brings this action under Section 1983, which creates a cause of action based on personal liability; thus a plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains. *See Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996). Lampley only states that he made Donahue aware of his condition by sending him complaints and notices, and generally alleges that Donahue is responsible for the alleged deprivations of his constitutional rights. Without more, Lampley's bare assertions that the Commissioner of the Indiana Department of Corrections had anything to do with the medical decisions of one inmate in the entire state prison system strains credulity and fails to rise above the level of speculation. Likewise, Lampley's allegations that the Supervisor for the entire CMS system played a direct part in his medical treatment are too sketchy and far-fetched to survive the pleading stage. CMS is a private company that provides onsite medical services at hundreds of prisons in over a dozen states. Lampley's allegations do not come to close to stating a plausible

claim that the "supervisor" for this entire company – whether he is referring to the CEO or some other operational manager – directly participated in the alleged violations of his Eighth Amendment rights. Therefore, Lampley's allegations against Donahue and the Supervisor of CMS fail to state a claim.

Lampley also attempts to sue Defendants Mitcheff, Foster, Jaffri and Marandet in their official capacities. In order to establish a claim in an official capacity suit, a plaintiff must demonstrate that the actions on which liability is predicated took place pursuant to an official policy, widespread custom or deliberate act of a government decision-maker. *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). Lampley has not alleged the first two of these methods, nor has he sufficiently alleged that a deliberate act by a state or municipal official with decision making authority caused the constitutional violations. Therefore, his official capacity claims are dismissed.

Finally, the Court is mindful of the fact that Defendants Mitcheff and Foster have moved for summary judgment and that motion has been fully briefed by the parties. (DE 62, 72, 76.) The allegations against Mitcheff and Foster in the Amended Complaint are substantially the same as the allegations against them in the original complaint. Therefore, there is no need to make Mitcheff and Foster jump through the hurdles of refiling the same motion at a later date. *See* Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, 6 FEDERAL PRACTICE & PROCEDURE § 1476 (2d ed., Supp. 2007) ("Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading."). Accordingly, the pending motion for summary judgment is preserved and I will rule on that motion in a subsequent order.

Therefore, the Court:

(1) **GRANTS** Plaintiff Tommy Lampley's Motion for Leave to Amend the Complaint [DE 51] and **DESIGNATES** the Amended Complaint filed on April 24, 2009 [DE 70] as the current operative complaint in this case;

(2) **GRANTS** Tommy Lampley leave to proceed against Dr. Mitcheff, Karla Foster, Dr. Anwar Jaffri, Dr. Noe Marandet, Alan Finnan, and Dick Brown in their individual capacities on Lampley's claims that these defendants denied him prescribed physical therapy and medical consultation with orthopedic and nerve specialists in violation of his Eighth Amendment rights;

(3) **DISMISSES** J. David Donahue and the unidentified Supervisor of Correctional Medical Services;

(4) **DISMISSES** all other claims;

(5) **DIRECTS** the United States Marshals Service to effect service of process on Dr. Anwar Jaffri, Dr. Noe Marandet, Alan Finnan, and Dick Brown;

(6) **GRANTS**, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Anwar Jaffri, Dr. Noe Marandet, Alan Finnan, and Dick Brown leave to file an answer, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L. R. 10.1, to the claims for which Tommy Lampley has been granted leave to proceed in this screening order.

**SO ORDERED**.

**ENTERED**: May 11, 2009.

    _s/ Philip P. Simon_
    PHILIP P. SIMON, JUDGE
    UNITED STATES DISTRICT COURT